# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In Re*: **H.M., P.G., T.G., & H.M.**

**No. 12-0859** (Mercer County 11-JA-180, 181, 182 & 183)

**FILED**

January 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father's appeal, by counsel Andrew Maier, arises from the Circuit Court of Mercer County, wherein his parental, custodial, and guardianship rights to the children, H.M.-1, P.G., T.G., and H.M.-2[1], were terminated by order entered on June 12, 2012.[2] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William L. Bands, has filed its response. The guardian ad litem, John Williams Jr., has filed a response on behalf of the children. Respondent Foster Parents have also filed a response, by counsel Derrick Lefler, and a supplemental appendix.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

On September 12, 2011, the DHHR filed its initial abuse and neglect petition in which it alleged that Respondent Mother was abusing drugs, engaging in prostitution, and leaving the children alone or with unknown individuals. Shortly thereafter, the DHHR filed an amended petition alleging that petitioner failed to provide for the children's financial, physical, social, or emotional needs after they were placed with other individuals for extended periods. On December 14, 2011, Respondent Foster Parents filed a motion to intervene in which they alleged that H.M.-2 had resided with them continuously since March 24, 2011. Petitioner stipulated to neglect and was thereafter granted a post-adjudicatory improvement period on December 16, 2011. By order entered on May 19, 2011, Respondent Foster Parents were designated as H.M.-2's guardians by the Jackson County Family Court. Ultimately, at the June 8, 2012, dispositional hearing, petitioner's parental, custodial, and guardianship rights to the children were terminated.

On appeal, petitioner alleges that the circuit court erred in terminating his parental rights without granting a dispositional improvement period. In support, he argues that the circuit court

---

[1] Because two children share the same initials, they will be referred to throughout as H.M.-1 and H.M.-2.

[2] Petitioner is the biological father of H.M.-2 only, though he was the step-father to the remaining children at the time of disposition below.

failed to distinguish between his substantial progress and Respondent Mother's non-compliance, alleging that the circuit court treated both parents as a single entity. Petitioner further argues that he does not abuse drugs, that he obtained a job and housing during his improvement period, and that he separated from Respondent Mother. Lastly, petitioner argues that the circuit court should have granted him a dispositional improvement period because his son, H.M.-2, was safe in his placement with relatives.

The DHHR and the guardian ad litem respond in support of the circuit court's decision and argue that the circuit court was provided with ample evidence upon which to base termination, including petitioner's failure to comply with a reasonable family case plan and other rehabilitative efforts, the lack of a suitable home for the children, and instances of domestic violence between the parents. Further, the guardian argues that petitioner failed to demonstrate that he was likely to fully participate in a dispositional improvement period. Respondent Foster Parents B.M. and K.M. also respond in support of the circuit court's decision. They argue that the circuit court was correct to deny petitioner an improvement period because he failed to comply with services or obtain a stable home for the children.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. Specifically, the Court notes that the circuit court was presented with sufficient evidence upon which to base its findings as to petitioner that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental, custodial, and guardianship rights is hereby affirmed.

Affirmed.

**ISSUED**: January 14, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II